1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12   J & J SPORTS PRODUCTIONS, INC.

13                Plaintiff,

14              v.

15   PETRICE MARINI, et al.,

16             Defendants.

17

18

**CASE NO. 1:16-CV-0477-AWI-JLT**

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED ANSWER**

19

### I. Introduction

20

21 On April 6, 2016, Plaintiff J&J Sports Productions, Inc. ("Plaintiff"), brought suit[1]

22 against Petrice Marini and Vincent Marini, individually and doing business as Vinny's Bar

23 ("Defendants"), alleging that Defendants unlawfully intercepted and broadcast *"The Fight of the*

24 *Century" Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program* (the

25 "Program"),[2] over which Plaintiff was granted exclusive rights for nationwide commercial

26 distribution. *See* Doc. 1. Defendants answered on July 11, 2016. Doc. 9. Plaintiff moved to strike

27 portions of the Answer. Doc. 14. In response, Defendants filed an Amended Answer and the

28

---

[1] The Complaint was not served upon Defendants until June 24, 2016. Docs. 7-8.
[2] The Program includes "all under-card bouts and fight commentary." Doc. 1 at ¶ 18.

1  Court granted Defendants leave to amend. Docs. 18, 20. Plaintiff has again filed a motion to

2  strike certain admissions and denials as non-responsive and all of Defendants' affirmative

3  defenses as inadequate as a matter of law. For the following reasons, Plaintiff's motion to strike

4  will be granted in part and denied in part.

5  **II. Background**

6         Plaintiff is a television production company that obtained "the exclusive nationwide

7  commercial distribution (closed-circuit) rights to" the Program. Doc. 1 at ¶ 18. Plaintiff granted

8  limited sublicenses to various commercial entities in California, specifically permitting public

9  exhibition of the Program in the commercial establishments that those entities operated. Doc. 1 at

10  ¶ 19. Defendants did not obtain any license to receive or display the Program to the public at

11  Vinny's Bar. Defendants did receive and display the at least some portion of the Program to

12  patrons at Vinny's Bar on Saturday, May 2, 2015. Doc 1 at ¶ 21.

13         From what the Court can glean from Defendants' Answer, Defendants admit having

14  displayed the main event of the Program to the Patrons of Vinny's Bar on Saturday, May 2,

15  2015. Doc. 18 at ¶ 12. However, Defendants contend that they not receive the program on a

16  closed-circuit channel. Doc. 18 at ¶ 12; *see* Doc. 22 at 3. Defendants explain that "[two] and a

17  half hours into [t]he Program… nationwide [] technical failure caused blackouts," resulting in

18  "[P]laintiff, [its] partners, and[/]or their cable subsidiaries [] transmit[ting] … [the remainder of]

19  [t]he  Program via … an open ordinary channel" of a commercial cable account. Doc. 22 at 3;

20  *accord* Doc. 18 at ¶ 24. With approximately one to two hours remaining in the Program, a

21  Vinny's Bar patron asked the bartender to change the channel to display the Program and the

22  bartender did so. Doc. 18 at ¶ 15; Doc. 22 at 3.

23  **III. Legal Standard**

24         Rule 8(b) of the Federal Rules of Civil Procedure requires a responding party to admit or

25  deny the allegations against it and, if denying, fairly respond to the substance of the allegation.

26  Fed. R. Civ. P. 8.

27         Pursuant to Rule 12(f), the court may strike an "insufficient defense or any redundant,

28  immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f)

2

1 is to "avoid the expenditure of time and money that ... arise[s] from litigating spurious issues by

2 dispensing with those issues prior to trial." *Sidney –Vinstein v. A.H.Robins Co.*, 697 F.2d 880,

3 885 (9th Cir. 1983). Despite this salutary function, motions to strike are viewed with disfavor

4 because they too are often used as delaying tactics and because of the general policy favoring

5 resolution of cases on the merits. *See Sliger v. Prospect Mortgage, LLC*, 789 F.Supp.2d 1212,

6 1216 (E.D. Cal. 2011). Indeed, a motion to strike will be granted only if "it is clear that the

7 matter to be stricken could have no possible bearing on the subject matter of the litigation."

8 *Rosales v. FitFlop USA, LLC*, 882 F.Supp.2d 1168, 1179 (S.D.Cal.2012) (internal quotation

9 marks omitted).

10       A matter is "redundant" if it presents "the needless repetition of allegations or the

11 inclusion of allegations that 'are foreign to the issue.'" *Lexington Ins. Co v. Energetic Lath &*

12 *Plaster, Inc.*, 2015 WL 5436784, *10 (E.D. Cal. Sept. 15, 2015) (quoting Wilkerson v. Butler,

13 229 F.R.D. 166, 170 (E.D.Cal.2005)). A matter is immaterial if it has "no essential or important

14 relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984

15 F.2d 1524, 1527 (9th Cir. 1993). A matter is impertinent if it "consists of statements that do not

16 pertain, and are not necessary, to the issues in question." *Fogerty*, 984 F.2d at 1527. A matter is

17 scandalous if it improperly casts a derogatory light on a party to the action. *Lexinton Ins. Co.*,

18 2015 WL 5436784 at *10.

19       A defense may be insufficient either as a matter of law or as a matter of pleading. *Kaur v.*

20 *City of Lodi*, 2016 WL 627308, at *1 (E.D. Cal. Feb. 17, 2016) (citation omitted). An affirmative

21 defense is legally insufficient if it "lacks merit under any set of facts the defendant might allege."

22 *Dodson v. Strategic Restaurants Acquisition Co.*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (citation

23 and internal quotation marks omitted). A defense is insufficiently pled if it fails to give the

24 plaintiff "fair notice of the nature of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827

25 (9th Cir. 1979); *United States v. Gibson Wine Co.*, 2016 WL 1626988, *4-5 (E.D. Cal. Apr. 25,

26 2016). "Fair notice ... requires that the defendant state the nature[,] grounds," and "some factual

27 basis" for the affirmative defense. *Gibson Wine Co.*, 2016 WL 1626988 at *5.

28 ///

**IV. Discussion**

A. Defendants' Admissions, Denials, and Addendum

Plaintiff first takes aim at portions of paragraphs 11-16, 21-26, 28, 30-31, 34-35, 38-39, and 41-42 of Plaintiff's answer, contending that they "do not fairly respond to the substance of Plaintiff's allegations." Doc. 21 at 3. Plaintiff goes line-by-line through the answer, requesting that the Court strike large portions of the above-listed paragraphs as "non-responsive." Doc. 21 at 5-9. Plaintiff also takes issue of the characterization of several responses as "admissions" when the matter purported admitted is different from the allegations contained in the complaint. Doc 21 at 5.

For instance, in paragraph 11 of the Complaint, Plaintiff alleges:

> Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the Program at issue herein, as more specifically defined in paragraph 18), Defendant Petrice M. Marini had the right and ability to supervise the activities of Vinny's Bar, which included the unlawful interception of Plaintiff's Program.

Doc. 1 at ¶ 11 (emphasis removed). In response, Defendant answered:

> Defendant1: Agrees: that . that Petrice Marini  Had the right and ability to supervise the activities at Vinny's Bar. and that on Saturday May 2nd 2015 Vinny"s' s Bar did exhibit an unencrypted version of the Program not to include any of the Undercard Fights encompassed in the program. Pursuant to **47 U.S.C. section 605 (b) (1)(2) Exemptions:** and Denys: the unlawful interception of the plaintiffs Program as defined in Plaintiffs Complaint  par 18. Defendant: is informed and believes and alleges: Defendant did received the program via normal operations of defendants commercial cable provider . (sic)

Doc. 18 at ¶ 11 (underline emphasis added, italics omitted). Plaintiff asks the court to strike the underlined portion of the quoted paragraph (and substantially similar language in several other paragraphs), in part, because it wrongfully suggests "that Plaintiff has alleged that the Program was unencrypted, [] that Defendants fall within a" Section 605(b) exemption, and that the undercard fights were not part of the program. Doc. 21 at 5. Defendants' admission regarding paragraph 11 is not a complete admission of the allegations in paragraph 11 of Plaintiff's complaint. Instead, it admits right and authority to supervise activities at Vinny's Bar, and screening part, but not all, of the Program; it denies receiving the Program on an unauthorized

1    channel of transmission. The fact that Defendants appear to have mischaracterized some of the

2    facts alleged is not an adequate ground to strike portions of the answer, especially in light of the

3    requirement that pleadings be construed so as to do justice, Fed. R. Civ. P. 8(e), and the leeway

4    in pleading afforded to pro se litigants, *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199

5    (9th Cir. 1995).[3] Defendants' allegations, insofar as they incorrectly designate factual responses

6    as admissions or denials, are not so flawed that they do not afford notice of Defendants' answer

7    to the allegations of the complaint nor are they scandalous, redundant, immaterial, or

8    impertinent. No part of Defendants' answer will be stricken on that basis.

9           Plaintiff is correct that many of the paragraphs in the Answer allege factual content that

10   does not directly address the corresponding paragraph of the Complaint. However, the Court

11   reminds Plaintiff that an allegation is not stricken from a pleading unless it does not afford fair

12   notice or is "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f).

13   Defendants' answer is understandable such that it affords fair notice and does not contain

14   allegations that are "redundant, immaterial, impertinent, or scandalous." Although many of the

15   paragraphs of Defendants' answer go beyond directly addressing the information alleged in the

16   corresponding paragraphs of the complaint, they are not appropriately stricken. Striking the

17   language at issue would amount to little more than a cosmetic winnowing down of Defendants'

18   answer.

19          Defendants have included an "addend[u]m to the court" in their answer, detailing the

20   personal situations of the named defendants and the bartender on duty at the time of the alleged

21   violation and providing a narrative of their version of the events. Plaintiff moves to strike the

22   entirety of the addendum. Defendants' personal backgrounds are immaterial to the claims and

23   defenses at issue. They will be stricken. Defendants' narrative is not redundant, immaterial,

24   impertinent, or scandalous. It will not be stricken.

25   ///

26   ///

27

28
_____
[3] "Although a pro se litigant...may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing [the opposing party] with notice of" the claim or defense. *Brazil v. United States Dept. of Navy*, 66 F.3d at 199.

1   B. Defendants' Affirmative Defenses

2       Defendants have alleged four items that are appropriately characterized as affirmative

3   defenses—(1) pursuant to 47 U.S.C. § 605(b) Defendants' conduct was exempt from the

4   restrictions of 47 U.S.C. § 605(a), (2) "contributory negligence," and (3) "assumption of risk,"

5   and lack of standing. *See* Doc. 18 at 6, 12, and 14. Each defense is legally insufficient and will be

6   stricken.

7       Plaintiff argues that all mention of Section 605(b)[4] should be stricken because Defendants

8   have admitted that Vinny's Bar is a commercial entity that displayed the Program to its patrons

9   and, on its face, Section 605(b) provides an exception applicable only to private viewers. *See Joe*

10  *Hand Promotions Inc. v. Donaldson*, 2016 WL 3269723, *4 n.4 (D. Ariz. June 15, 2016). The

11  Section 605(b) exceptions are affirmative defenses that can be stricken if insufficient. *See J&J*

12  *Sports Productions, Inc. v. Nguyen*, 2014 WL 60014, *5 n.5 (N.D. Cal. Jan 7, 2014). Although a

13  motion to strike is not normally the appropriate method to challenging the substantive

14  sufficiency of a defense, *Kaur v. City of Lodi*, 2016 WL 627308, *4 (E.D. Cal. Feb. 17, 2016)

15  (citing *Hernandez v. Balakian*, 2007 WL 1649911, *1 (E.D. Cal. June 1, 2007); 5C Charles Alan

16  Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.) (Where there is "a

17  substantial question of fact or a mixed question of law and fact" or "even when the defense

18  seems to present a purely legal question, federal courts are very reluctant to determine disputed

19  or substantial issues of law on a motion to strike" as such questions are "best determined only

20  after further development"), in this situation Defendants have explicitly pled their ineligibility

21  for the exception alleged. No additional facts would render Defendants eligible for the exception

22  alleged. It will be stricken.[5]

23

24  [4] 47 U.S.C. § 605 is referenced in paragraphs 11-16, 21-26, 28, 30-31, 34-35, 38-39, and 41-42 of the Amended Answer.

25  [5] For the sake of clarity, the Court reads Defendants' Section 605(b) defense to have been based upon their belief that their display of the Program on the "Bright House Cable" station was authorized because it was a cable stations

26  that Defendants received through their commercial television service agreement. The Court strikes only the Defendants' reference to the Section 605(b) exception because Defendants acknowledge that the Program was not

27  displayed for private viewing; it does not strike the underlying *factual* allegation that it displayed the Program on an authorized channel because, if true, it would seem to directly implicate whether Defendants were "entitled" or

28  "authorized" to receive and display the Program and whether any violation would be considered "willful." *See* 47 U.S.C. § 605(a); 47 U.S.C. § 553(a).

1    Next, as Plaintiff correctly sets out, the "defense of assumption of the risk applies to tort

2 actions where the Plaintiff knowingly acted to engage in dangerous behavior." Doc. 21 at 12

3 (quoting *Ganley v. County of San Matteo*, 2007 WL 902551, *9 (N.D. Cal. Mar. 22, 2007)). It is

4 inapplicable in this situation. However, it appears that that Defendants intended to allege that, by

5 displaying the Program by use of a television station that Defendants were authorized to under

6 their commercial cable package, Defendants did not violate the law. Although such an allegation

7 may, if proven, disprove an element of Plaintiff's case, it is not appropriately characterized as an

8 assumption of the risk defense. Accordingly, Defendants' assumption of the risk allegations will

9 be stricken.

10    Defendants advance a "contributory negligence" defense. It appears that this defense is

11 based on the same factual underpinning as Defendants' assumption of the risk defense. That

12 defense fails for several reasons. First, the doctrine of contributory negligence—that any

13 negligence by a plaintiff operates as a bar to that plaintiff's recovery—is no longer the law in

14 California. *Anderson v. Fitness International, LLC*, 4 Cal.App.5th 867, 879 n.5 (Cal. Ct. App.

15 2016) (citing *Li v. Yellow Cab Co*, 13 Cal.3d 804, 828-829 (1975)). Instead, it has been replaced

16 by a comparative system that apportions damages based on percentage of fault. *Li*, 13 Cal.3d at

17 828. Assuming that Defendants intended to allege a comparative fault defense, such a defense is

18 inapplicable to any of the four claims alleged in the Complaint. *See J&J Sports Productions*, *Inc.*

19 *v. Delgado*, 2011 WL 219594, *2 (E.D. Cal. Jan. 19, 2011) (collecting cases). Defendants'

20 contributory negligence defense will be stricken.

21    Finally, Defendants suggest that Plaintiff lacks standing to litigate this action because

22 they published the Program "on [an] open ordinary channel." *See* Doc. 18 at 6. A party has

23 standing to sue pursuant to Section 605(e)(3)(A) and Section 553(c)(1) where he or she is "any

24 person with proprietary rights in the intercepted communication by wire or radio…." *See* 47

25 U.S.C. § 605(d)(6); *J&J Sports Productions, Inc. v. Adams*, 2015 WL 5092801, *2 n.1 (E.D. Cal.

26 Aug 28, 2015). Plaintiff having published the Program on "an open ordinary channel" may

27 impact Plaintiff's ability to state a claim but it cannot, as a matter of law, divest Plaintiff of

28 standing. Moreover, Defendants admitted that Plaintiff "was granted exclusive nationwide

1  commercial use of" the Program. Regardless of whether Plaintiff can ultimately prevail on its

2  claims, no facts could be alleged that would support a defense that Plaintiff lacks standing to

3  litigate the claim. Accordingly, Defendants' standing defense will be stricken.

4  **V. Order**

5  Based on the foregoing, IT IS HEREBY ORDERED that:

6  1.  Plaintiff's motion to strike is GRANTED in part and DENIED in part as follows:

7  a.  Defendants' affirmative defenses—lack of standing, assumption of the risk,

8  contributory negligence, and exemption under Section 605(b) are STRICKEN;

9  b.  The portion of Defendants' "addend[u]m to the court" detailing their personal

10  backgrounds is STRICKEN;

11  c.  Plaintiff's motion to strike is otherwise DENIED.

12

13  IT IS SO ORDERED.

14  Dated:   November 29, 2016

SENIOR  DISTRICT  JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8