**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETRICE M. MARINI, et al., <br><br> Defendants. | CASE NO. 1:16-cv-477-AWI-JLT <br><br> **ORDER PERMITTING DEFENDANTS TO RESUBMIT WITNESS STATEMENTS IN THE FORM REQUIRED WITHIN FOURTEEN DAYS** |

**I. Introduction**

On April 6, 2016, Plaintiff J&J Sports Productions, Inc. ("Plaintiff"), brought suit against Petrice Marini and Vincent Marini, individually and doing business as Vinny's Bar ("Defendants"), alleging that Defendants unlawfully intercepted (or received) and broadcast *"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program* (the "Program"), over which Plaintiff was granted exclusive rights for nationwide commercial distribution. *See* Doc. 1; Affidavit of Joseph M. Gagliardi, Doc. 31-3 ("Gagliardi Aff.") at ¶ 3. Plaintiff moves for summary judgment because Plaintiff has acknowledged having displayed the Program. Defendants oppose the motion on the ground that the Program was displayed on a channel authorized for their use. Plaintiff objects to the Court's consideration of much of the evidence submitted by Defendants.

1

For the following reasons, a ruling on Plaintiff's motion for partial summary judgment will be delayed and Defendants will be permitted to resubmit witness statements in a form appropriately considered by the Court.

## II. Background

Plaintiff is a television production company that obtained "the exclusive nationwide commercial distribution (closed-circuit) rights to" the Program. Gagliardi Aff. at ¶ 3. Plaintiff granted limited sublicenses to various commercial entities in California, specifically permitting public exhibition of the Program in the commercial establishments that those entities operated. *Id.* Defendants did not obtain any license to receive or display the Program to the public at Vinny's Bar. *Id.* Defendants did receive and display the at least some portion of the Program to patrons at Vinny's Bar on Saturday, May 2, 2015. Doc 1 at ¶ 21. Specifically, Defendant's investigator "observed one television located inside [Vinny's Bar] playing the [Program]. The TV was a 32" flat screen, located on the left hand side of the bar." Affidavit of Brandi Sutton, Doc.31-4 ("Sutton Aff.") at 2-3.

Defendants Vincent and Petrice Marini are co-owners of Vinny's Bar in Bakersfield, California. *See* Declaration of Vincent and Petrice Marini, Doc. 35 ("Marini Decl.") at ¶ 1. Defendants admit having displayed the main event of the Program to the Patrons of Vinny's Bar on Saturday, May 2, 2015. Doc. 18 at ¶ 12; *see* Marini Decl. at ¶¶ 8, 12. However, Defendants contend that they not receive the program on a closed-circuit channel. Marini Decl. at ¶¶ 7, 11. Doc. 18 at ¶ 12. Defendants explain that "[two] and a half hours into [t]he Program… nationwide [] technical failure caused blackouts," resulting in "[P]laintiff, [its] partners, and[/]or their cable subsidiaries [] transmit[ting] … [the remainder of] [t]he  Program via … an open ordinary channel" of a commercial cable account. Doc. 22 at 3; *accord* Doc. 18 at ¶ 24. At approximately 9:00 p.m., a Vinny's Bar patron asked the bartender to change the channel to "Bright House Cable, channel 902," to display the Program and the bartender did so. Marini Decl. at ¶¶ 7-8; Declaration of Deidre Watters, Doc. 35 ("Watters Decl.") at 13; Declaration of Brandyn Hicks, Doc. 35 ("Hicks Decl.") at 18-19.

///

### III. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* Fed. R. Civ. P. 56(c)(1)(A).

Where the party moving for summary judgment will bear the burden of proof at trial that party must come forward with evidence that would entitle it to a directed verdict if the evidence were uncontroverted at trial. *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992); *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.").  If the moving party meets its initial burden, the burden shifts to the non-moving party to present evidence establishing the existence of a genuine dispute as to any material fact.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, *see Anderson,* 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1436 (9th Cir. 1987). In order to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at p. 587 (citation omitted).

A court ruling on a motion for summary judgment must construe all facts and inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd,* 810 F.2d 898, 902 (9th Cir. 1987).

## IV. Discussion

Plaintiff moves for summary adjudication as to its cause of actions for (1) unauthorized interception or receipt of the Program in violation of the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, (or the Federal Communications Act of 1934 ("Communications Act"), 47 U.S.C. § 605) and (2) conversion under California law. *See* Doc. 31 at 2. Defendants have filed multiple documents in response to Plaintiff's motion, including declarations from witnesses. Plaintiff objects to the admissibility of much of that evidence. The Court addresses only the questions of admissibility. Resolution of Plaintiff's motion for summary judgment will be delayed.

A. Admissibility of Defendants' Submissions

Plaintiff objections to this Court's consideration of any of the "Witness Statements" submitted by Defendants because none are sworn under penalty of perjury or attest to the truth of the facts set forth therein. Doc. 38 at 2-3. Plaintiff is correct that Defendants' witness statements are not in compliance with 28 U.S.C. § 1746(2), requiring a declaration to be made under penalty of perjury and attested to be true. 28 U.S.C. § 1746(2) (Declarations must be "in substantially the following form: … '"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'."); *see*, *e.g.* Watters Decl. at 12-13. Courts in this Circuit uniformly refuse to consider such submissions as evidence because they lack sufficient indicia of truthfulness. *See Aviles v. Quick Pick Express, LLC*, 2015 WL 5601824, *2 (C.D. Cal. Sept. 23, 2015); *Johnson v. Sandy*, 2015 WL 1894400, at *1 (E.D. Cal. April 24, 2015); *Forbes v. Villa*, 2013 WL 12164779, *2 (C.D. Cal. Dec. 3, 2013); *Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009). The

4

witness statements of Jorge and Danielle Chavez, Deidre Watters, Brandyn Hicks, and Carlos Alanis (all attached to Defendants' declaration, Doc. 35) will not be considered.

However, the Court is also mindful that Defendants are pro se and not schooled in the law. *See Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). Where a party fails to properly support assertions of fact, as has taken place in this case, Rule 56(e) permits the court to offer that party "an opportunity to properly support … the fact." *See also Alcala v. Monsanto Co.*, 498 Fed.Appx. 717, 719 (9th Cir. 2012) (reversing and remanding a grant of summary judgment against a pro se party where the district court failed to give the party an opportunity to cure technical deficiencies with his evidence). The Court will do exactly that in this case. Defendants may resubmit their witness statements in the form of declarations by witnesses with personal knowledge as required by 28 U.S.C. § 1746. Such declarations must be made under penalty of perjury and attest to the truthfulness of the matters contained therein.

The Court's authorization for Defendants to resubmit the witness statements in a form that the Court may consider is limited; Defendants and their witnesses may not supplement with substantively new material.

## V. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants are authorized to resubmit witness statements in the format set forth above within fourteen (14) days of the date of this order;
2. Failure of Defendants to resubmit such witness statements in the form explained above will result in the Court not considering the statements.

IT IS SO ORDERED.

Dated:   July 13, 2017                                                       _____
                                                                             SENIOR DISTRICT JUDGE