UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | **CASE NO. 1:16-cv-0477-AWI-JLT** |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DAMAGES** |
| v. | |
| PETRICE M. MARINI, et al., | |
| Defendants. | |

**I. Introduction**

On April 6, 2016, Plaintiff J&J Sports Productions, Inc. ("Plaintiff"), brought suit against Petrice Marini and Vincent Marini, individually and doing business as Vinny's Bar ("Defendants"), alleging that Defendants unlawfully intercepted a program for which Plaintiff held exclusive distribution rights. On August 2, 2017, this Court granted Plaintiff's motion for partial summary judgment as to Plaintiff's unlawful interception and conversion claims. Doc. 45; *see* 47 U.S.C. § 553. Thereafter, the parties stipulated to the dismissal of Plaintiff's Unfair Business Practices Act claim. Docs. 47, 49. This action now proceeds on Plaintiff's motion for damages. Defendants oppose that motion. For the following reasons, Plaintiff's motion will be granted in part.

1

## II. Discussion

A. Unlawful Interception Damages

Damages under Section 553 may be awarded based on the actual damages suffered or statutory damages ranging from $250 to a maximum of $10,000, "as the court considers just." 47 U.S.C. § 553(c)(3)(A)(i)-(ii). Where "the court finds that" a violation of Section 553 was "committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages … by an amount of not more than $50,000.00." 47 U.S.C. § 553(c)(3)(B). That increased damages amount is commonly referred to as "enhanced statutory damages."

Plaintiff seeks a statutory damages award of $9,000.00 and an enhanced statutory damages award of $15,000.00. Doc. 54. The statutory damages award sought is three times the commercial license fee that Defendants would have been charged to legally display the program. Affidavit of Joseph Gagliardi, Doc. 31-3 ("Gagliardi Aff.") at ¶ 8. In support of its claim for statutory damages, Plaintiff presents authority from the Eastern District of Kentucky, awarding three times Plaintiff's actual damages as "a treble award." Doc. 54 at 7 (citing *J&J Sports Prods., Inc. v. Tonita Restaurant, LLC*, 2015 WL 9462975, *5, n8 (E.D. Ky. Dec. 28, 2015). In support of Plaintiff's enhanced statutory award amount, Plaintiff has provided authorities from this District and elsewhere that impose higher measures of statutory and enhanced statutory damages that would "deter[] but … not destroy" a business engaging in prohibited conduct. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (1999); Doc. 54 at 5-8.

Defendants' oppose the sought damage award in reliance primarily on section 553(c)(3)(C), permitting the court to reduce the award of damages to a sum of not less than $100.00 where the court finds that the violator was not aware and had no reason to believe that his or her acts constituted unlawful interception. Doc. 55 at 3. However, Defendants have presented no admissible evidence in support of their argument. Despite the Court having explained to Defendants the appropriate form in which to submit declarations, *see* Doc. 42 at 4-5, Defendants failed to resubmit the evidence that they now seek to rely upon. Accordingly, Defendants' argument for limiting damages pursuant to section 553(c)(3)(C) is without any

factual support that this Court may consider.

*i. Statutory Damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)*

In determining a just amount for statutory damages, the Court considers the cost of the commercial license, the need to deter piracy (including the Defendants' history of piracy), and the offender's incremental profits as a result of the unlawful broadcast as measured by the capacity of the establishment, the number of patrons in attendance, whether a cover charge was required for entrance, and the number of televisions and size of televisions broadcasted on. *J&J Sports Prods., Inc. v. Coleman*, 2017 WL 3433202, *5 (E.D. Cal. Aug. 10, 2017) *Joe Hand Promotion, Inc. v. Albright,* 2013 WL 2449500, *6 (N.D. Cal. June 5, 2013); *Joe Hand Promotions, Inc.*, 2012 WL 3537036, *5 (N.D. Cal. 2012). No single factor is determinative. For instance, statutory damages imposed upon first time offenders with establishments roughly the same in size as Defendant's have varied greatly. *See G&G Closed Circuit Events LLC, v. Gonzales*, 2014 WL 1271552, *5 (E.D. Cal. 2014) (collecting cases). In fact, such award amounts ranged between the statutory minimum for cable single interception under section 553 of $250.00, *J&J Sports Prods., Inc. v. Ro*, 2010 WL 668065, *3-4 (N.D. Cal Feb. 10, 2010), and the statutory maximum of $10,000, *J&J Sports Prods., Inc. v. Herrera*, 2011 WL 643413, *4 (E.D. Cal. Feb. 11, 2011). It is this Court's default position to award the statutory minimum or an amount close to the statutory minimum where the defendants are first-time offenders, there exists no evidence of commercial advantage, and the establishments are relatively small and contain relatively few patrons. *J&J Sports Prods. Inc. v. Aranda*, 2015 WL 367104, *3-4 (E.D. Cal. Jan. 27, 2015); *Joe Hand Promotions, Inc. v. Albright*, 2013 WL 2449500, *6-7 (E.D. Cal. June 5, 2013); *Joe Hand Promotions, Inc. v. v. Williams*, 2011 WL 6012483, *4 (E.D. Cal. Dec. 1, 2011).

The commercial license would have cost Defendants $3000.00. Gagliardi Aff at ¶ 8. Defendants have no documented history of piracy. The present case of piracy involved display of "at least some portion of the Program" at Vinny's Bar on one 32-inch television. Doc. 31-4 at 2. There were between 38 and 45 patrons at the Vinny's Bar which has an estimated capacity of 59. *Id*. Vinny's bar was described as an "establishment [that] rates fair." *Id*. There is no indication as

to how many of the patrons were watching the program or whether they were positioned to be able to see the television displaying the program. No cover charge was taken. *Id*. There is no evidence that the any advertising of the program at Vinny's Bar. There is no evidence to suggest that any premium was charged with respect to drinks or food. There is nothing in the record to suggest that Defendants experienced any significant commercial advantage or private financial gain as a result of displaying the program.

Because Defendants are first-time offenders who do not appear to have derived any measurable financial gain as a result of displaying the program, the Court will not award more than the necessary to deter piracy—one and one half times the cost of the required license is sufficient for that purpose. Accordingly, the Court will award statutory damages in the amount of $4,500.00. *See Aranda*, 2015 WL 367104 at *4 (rejecting a statutory damages award of three times the licensing fee under similar circumstances); *Joe hand Promotions v. Hathcock*, 2012 WL 2990644 (E.D. Cal. July 20, 2012).

*ii. Enhanced Statutory Damages pursuant to 47 U.S.C. § 553(c)(3)(B)*

Plaintiff seeks enhanced damages under 47 U.S.C. § 605(e) (3)(C)(ii), which provides that the Court can provide for an enhanced damage award of up to $100,000.00 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. 605(e)(3)(C)(ii). "The mere assertion that Defendant acted willfully is insufficient to justify enhanced damages." *Ahmadi,* 2016 WL 6868032 at *4 (citation omitted.) In determining whether and in what amount to award enhanced statutory damages, courts consider overlapping considerations as considered in determining statutory damages but with an eye to determining whether the violation was clearly willful and for financial gain. *See Coleman*, 2017 WL 3433202 at *6 (considering advertisement, cover charge, and premiums on food or drink for their tendency to show willful interception for the purpose of financial gain); *Ahmadi*, 2016 WL 6868032 at *4 (considering repeated violations, substantial unlawful monetary gains, advertising, cover charges, and food and drink premiums to show willfulness and financial gain).

Plaintiff contends that it is entitled to enhanced damages even though it alleges nothing more than that Defendant aired the program. As summarized above, there is nothing in the record to

4

support the argument that Defendants derived any financial benefit from airing the pirated program. There is no evidence that Defendants had ever pirated a broadcast before or after the event at issue. In light of this record, Plaintiff's request for enhanced statutory damages is unpersuasive. The Court will not award enhanced statutory damages.

B. Conversion Damages

Plaintiff's motion also seeks an award of $3,000.00 in compensatory damages for the state law tort of conversion. Damages for conversion are measured by the value of the property at the time of the conversion. Cal. Civ. Code § 3336; *see also Stan Lee Trading, Inc. v. Holtz*, 649 F. Supp. 577, 581 (C.D. Cal. 1986); *Spates v. Dameron Hosp. Ass'n*, 114 Cal. App. 4th 208, 221 (2003). In the context of broadcast piracy, damages for conversion have often been calculated based upon the amount that the defendant would have been required to pay for a proper sublicensing agreement. *See J & J Sports Prods., Inc. v. Jurado*, 2011 WL 6153605, at *5 (E.D. Cal. Dec. 12, 2011); *J & J Sports Productions, Inc. v. Ro*, 2010 WL 668065, at *4 (N.D. Cal. Feb. 19, 2010). Because the license at issue would have cost Defendants $3,000.00, that is the appropriate measure of damages for conversion.

///

///

///

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for damages is GRANTED in part as follows:

1. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) are AWARDED in the amount of $4,500.00;
2. An award of enhanced statutory damages pursuant to 47 U.S.C. § 553(c)(3)(B) is DENIED;
3. For the conversion of Plaintiff's property, damages are AWARDED in the sum of $3,000.00.

Plaintiff is directed to submit any motion for attorney fees and costs by Monday, April 2, 2018. Defendants must file any opposition by April 16, 2018. Any reply must be filed by April 23, 2018.

IT IS SO ORDERED.

Dated:  March 15, 2018

SENIOR DISTRICT JUDGE