UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | **CASE NO. 1:16-cv-0477-AWI-JLT** |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES** |
| v. | |
| PETRICE M. MARINI, et al., | |
| Defendants. | |

**I. Introduction**

On April 6, 2016, Plaintiff J&J Sports Productions, Inc. ("Plaintiff"), brought suit against Petrice Marini and Vincent Marini, individually and doing business as Vinny's Bar ("Defendants"), alleging that Defendants unlawfully intercepted a program for which Plaintiff held exclusive distribution rights. On August 2, 2017, this Court granted Plaintiff's motion for partial summary judgment as to Plaintiff's unlawful interception and conversion claims. Doc. 45; *see* 47 U.S.C. § 553. On March 15, 2018, this Court granted in part Plaintiff's motion for damages. Doc. 58. This action now proceeds on Plaintiff's motion for attorney fees and costs. Defendants oppose that motion. For the following reasons, Plaintiff's motion will be granted in part.

1

## II. Discussion

A. Attorneys' Fees

The Court found that Defendants violated 47 U.S.C. § 553(a)(1) by receiving a cable communication without authorization. Doc. 45. In such a situation a district court "may," but is not required to, "direct recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 553(c)(2)(C); *cf.* 47 U.S.C. § 605(e)(3)(B)(iii) (requiring a court to award attorney fees to an aggrieved party who prevails when unlawful interception is by means of satellite). Plaintiff prevailed on its claims.

The Ninth Circuit utilizes a "lodestar" method to compute reasonable attorneys' fees, which represents the number of hours reasonable expended multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir.2001) (citing *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir.2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996)). Consequently, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If the documentation of hours is inadequate, or if the hours expended are excessive and unnecessary, the Court may reduce the number of hours claimed. *Chalmers*, 796 F.2d at 1210; *Hensley*, 461 U.S. at 433.

Plaintiff seeks attorneys' fees in the amount of $19,855.00. That figure breaks down to: 6.55 hours at $500.00 per hour for Thomas P. Riley, an attorney licensed to practice in California since 1998; 47 hours at $300.00 per hour for an unidentified research attorney; and 24.8 hours at $100.00 per hour for an unidentified administrative assistant. Mr. Riley "specializes in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of … major televised sporting events and has done so since 1994." Declaration of Thomas P. Riley, Doc. 59-1 ("Riley Decl.") at ¶ 4. No information is supplied regarding the unidentified research attorney or the administrative assistant.

A district court is required to determine a reasonable rate for the services provided by examining the prevailing rates in the community, charged by "lawyers of reasonably comparable

skill, experience, and reputation." *Sanchez v. Frito Lay*, 2015 WL 4662535, *17 (E.D. Cal. Aug. 5, 2016) (quoting *Cotton v. City of Eureka*, 889 F.Supp.2d 1154, 1167 (N.D. Cal 2012)). "The 'relevant community' for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds." *Sanchez*, 2015 WL 4662535, *17 (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997)); *accord Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). When a case is filed in the Fresno Division of the Eastern District of California, the hourly rate is compared against attorneys practicing in the Fresno Division of the Eastern District of California. *See Munoz v. Giumarra Vineyards Corp.*, 2017 WL 2665075, * 17 (E.D. Cal. June 21, 2017); *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009). In the Fresno Division of the Eastern District, the hourly rate for competent and experienced attorneys is between $250 and $400, "with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." *Silvester v. Harris*, 2014 WL 7239371, *4 (E.D. Cal. Dec. 17, 2014) (collecting cases); *see Archer v. Gibson*, 2015 WL 9473409, *13–14 n. 6 (E.D. Cal. Dec. 28, 2015). "This Court has determined that $150 per hour is the 'established rate' for associate attorneys." *J&J Sports Prods., Inc. v. Corona*, 2014 WL 1513426, *3 (E.D. Cal. Apr. 16, 2014) adopted by 2014 WL 1767691, *1* (E.D. Cal. May 2, 2014) (citation omitted). It is equally appropriate when no information is submitted to establish an attorney's experience.

      This Court (and other courts) has cautioned Mr. Riley regarding billing of clerical work using administrative assistants, lack of specificity in such billing by administrative assistants, and duplicative billing by Mr. Riley and his administrative assistant in the past. *Corona*, 2014 WL 1513426 at *2 (citing *inter alia*, *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *J&J Sports Prods. V. Pagliaro*, 2014 WL 7140605, *2; *see J&J Sports Prods. v. Patel*, 2018WL 1609731, *6 (D. Ariz. Apr. 3, 2018); *J&J Sports Prods. v. Pinon*, 2014 WL 3593629, *5 (N.D. Cal. July 18, 2014). Mr. Riley has repeated the same block billing procedure, *see e.g.*, Doc. 59-1 at 14 ("Preparation, Filing, and Service of…."), and many of the billings for Mr. Riley and his administrative assistant are identical, *see* Doc. 59-1 at 6-15. As the Court found before, "given the lack of specificity and the clerical and duplicative nature of the tasks," no fees will be

awarded for tasks completed by the administrative assistant. *Corona*, 2014 WL 1513426 at *2. A reasonable rate for an attorney of Mr. Riley's experience remains $350.00 per hour. *Corona*, 2014 WL 1513426 at *3. A reasonable rate for an unidentified research attorney remains $150.00 per hour. *Id*.

Many of hours claimed by Mr. Riley are unreasonable, duplicative, or inadequately documented and should be reduced. Mr. Riley's bill reflects considerable amounts of time reviewing communications to and from the court. Doc. 59-1 at 7. For every docket item—many of which were only text entries or documents filed by his firm—Mr. Riley bills expenditure of six minutes for review of that item. For instance, Mr. Riley's billing on August 2, 2017 reads as follows:

| 08/02/17 | TPR Review of the Court's Order Granting Plaintiffs Motion for Partial Summary Judgment and Denying Defendants' Motion to Strike (ECF #45) | 0.10 [hours] | $50.00 |
| 08/02/17 | TPR Review and Execution of Service by Mail re: Order on Motion for Partial Summary Judgment | 0.10 [hours] | $50.00 |

Doc. 59-1 at 13. The second item listed is a docket entry that reads, in full: "SERVICE BY MAIL: 45 Order on Motion for Summary Judgment, Order on Motion to Strike served on Petrice M. Marini, Vincent Marini. (Kusamura, W) (Entered: 08/02/2017)." *See* Court Docket. Indeed, nearly every billable item attributed to Mr. Riley is six minutes for reviewing some item in the Court's docket. Altogether, Mr. Riley billed 6.55 hours. When considering Mr. Riley's time entries in total, the amount of time spend essentially reviewing the docket is unreasonable, not least of which because of the limited substance of many of the entries allegedly reviewed. Having reviewed Mr. Riley's billing, the Court concludes that he could reasonably have spent 4 hours reviewing the routine documents that he itemized. $1400.00 in attorney fees will be awarded for all of the hours billed by Mr. Riley.

The Court has further reviewed the hours claimed by the unidentified research attorney. Although the billings for each of the filings are clearly estimates, each appears to be a reasonable estimate. Forty seven hours for preparation of the five substantive motions, replies, and

4

supporting documents filed in this action is not unreasonable. $7,050.00 in attorney fees will be awarded for all of the hours billed by the unidentified research attorney.

B. Costs

Section 553 also allows the court to direct recovery of costs to the aggrieved party who prevails. 47 U.S.C. § 553(c)(2)(C). Plaintiff's bill of costs totals $1,479.21 and is composed of investigative fees, filing fees, service fees, courier charges, photocopying expenses, and "Court Appearance Fees." Doc. 59-1 at 16. In support of those costs, Plaintiff has submitted an invoice from its investigator in the amount of $600.00, Doc. 59-1 at 18, and two statements from its process server in the amounts of $150.00 and $85.00, *id*. at 20-21. Plaintiff paid a $400.00 filing fee to initiate this action. Doc. 1. Only those costs are appropriately documented. Plaintiff will not be awarded costs for courier charges, photocopying expenses, or court appearance fees.

Next, Plaintiff relies largely on district court authority from outside of this Circuit for the proposition that pre-suit investigative fees are recoverable. *See* Doc. 59 at 7 (citing, *inter alia*, *Time Warner Entertainment/Advance-Newhouse Partnership v. Worldwide Electronics, L.C.*, 50 F.Supp.2d 1288, 1302 (S.D. Fla. Jan. 26, 1999). However, Courts in this Circuit routinely decline to award such costs. *J&J Sports Prods. V. Barajas*, 2016 WL 2930549, *3 (E.D. Cal. May 19, 2016) (collecting cases); *but see Pagliaro*, 2014 WL 7140605 at * 2 (granting investigative costs without expressly identifying them in its order or discussing their propriety). This Court is unconvinced that directing the payment of pre-suit investigative costs is warranted here and will accordingly decline to award them. However, filing fees and process server costs are appropriately recovered expenses and will be awarded.

In sum, the Court will award costs in the amount of $635.00.

*///*

*///*

*///*

**III. Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attorney fees and costs is GRANTED in part as follows:

1. Plaintiff is awarded attorneys' fees in the amount of $7,050.00 and costs in the amount of $635.00 for a total fees and costs award of $7,685.00.
2. The Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendants. Judgment shall be for $7,500.00 in damages and $7,685.00 in fees and costs.

The Clerk of the Court is also respectfully directed to close this case.

IT IS SO ORDERED.

Dated:  May 9, 2018

_____
SENIOR DISTRICT JUDGE